Filed 5/18/26  P. v. Hughes CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B341268 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA089612) |
| v. | |
| GERALD HUGHES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed as modified.

Robert A. Werth, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Stephen D. Svetich, Deputy Attorneys General, for Plaintiff and Respondent.

In 2011, a jury convicted appellant Gerald Hughes of kidnapping to commit rape (§ 209, subd. (b)(1)), forcible oral copulation (former § 288a, subd. (c)(2)), sexual penetration by foreign object (§ 289, subd. (a)(1)), and forcible rape (§ 261, subd. (a)(2)). The jury further found that appellant personally used a handgun in the commission of all four crimes (§ 12022.53, subd. (b)). The trial court subsequently found true allegations that appellant suffered one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), one prior serious felony conviction (§ 667, subd. (a)(1)), and one prior prison term (§ 667.5, subd. (b)(1)). In 2013, the court imposed an aggregate sentence of 52 years plus life. It also imposed fines and fees, including a restitution fine of $220 (§ 1202.4, subd. (b)).

This court affirmed the judgment on direct appeal and denied appellant's contemporaneously filed petition for writ of habeas corpus. (See *People v. Hughes* (Jan. 8, 2015, Nos. B249932, B258470) [nonpub. opn.].)

In 2023, the Department of Corrections and Rehabilitation notified the trial court that appellant was eligible for possible resentencing pursuant to section 1172.75, subdivision (a). The court appointed counsel for appellant. Appellant subsequently filed a resentencing petition and memorandum; he sought

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Penal Code.

dismissal of the now-invalid prison prior enhancement (§ 667.5, subd. (b)(1)) and requested the court exercise its discretion to strike the firearm and serious felony enhancements.  The People conceded that the prison prior enhancement should be dismissed but opposed the remainder of appellant's requests.

The court heard the matter on September 24, 2024.  After hearing argument, the court struck the one-year prison prior enhancement.  It otherwise denied appellant's requests for additional changes and reimposed the same sentences on appellant's convictions and remaining enhancements; the resultant aggregate sentence was 51 years plus life.  The court also reimposed the same fines and fees, including the $220 restitution fine.

Appellant now contends, and the People concede, that the court erred in reimposing the restitution fine.  We agree.

Effective January 1, 2025, Assembly Bill No. 1186 (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d). The statute now provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."  (§ 1465.9, subd. (d).)

The restitution fine was initially imposed in 2013, more than 10 years prior to the 2024 resentencing. The trial court accordingly was required to vacate any remaining unpaid balance. The resentencing pursuant to section 1172.75 did not "restart[ ] section 1465.9's 10-year clock anew."  (*People v. Salstrom* (2025) 117 Cal.App.5th 596, 600, review granted and briefing deferred on a different issue, March 11, 2026, S295038.) As explained in *Salstrom*, such an interpretation would be

contrary to the plain language of the statute and legislative intent, and would "penalize[ ]" defendants "for successfully obtaining a reduction in sentence." (*Id.* at pp. 600-601.)

## DISPOSITION

The judgment is modified to vacate the $220 restitution fine imposed pursuant to section 1202.4, subdivision (b) and is affirmed in all other respects. The trial court shall prepare an amended abstract of judgment reflecting that the restitution fine has been vacated. The trial court shall then forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COGLIATI, J[*].


We concur:


MORI, ACTING P. J.


TAMZARIAN, J.

---

[*]     Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.